ORIGINAL

SLR:KAN:TYH
F#:2008V01134

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 0 4 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

              Plaintiff,

      - against -

FUNDS IN THE AMOUNT OF EIGHTY
THOUSAND, SEVEN HUNDRED
SIXTY-THREE DOLLARS AND FORTY-SIX
CENTS, ($80,763.46) MORE OR LESS, AND
ALL PROCEEDS TRACEABLE THERETO,
FORMERLY ON DEPOSIT IN ACCOUNT
NO. 8019333071 IN THE NAME OF AND/OR
FOR THE BENEFIT OF GCI TECHNOLOGIES,
CORP., AT PNC BANK,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**VERIFIED
COMPLAINT IN REM**

Civil Action No.

**09 906**

COGAN, J.

      Plaintiff, United States of America, by its attorney, BENTON J. CAMPBELL, United States Attorney for the Eastern District of New York, TANYA Y. HILL, Assistant United States Attorney, of counsel, for its complaint alleges upon information and belief as follows:

### NATURE OF THE ACTION

      1.     This is a civil action *in rem* brought by the United States of America to forfeit and condemn to the benefit of the United States of America the above-captioned defendant Funds, in the amount of eighty thousand seven hundred, sixty-three dollars and forty-six cents ($80,763.46), more or less, and all proceeds traceable thereto (the "Defendant Funds")

1

which were seized July 11, 2008 pursuant to a seizure warrant issued from this district. The Defendant Funds were contained in account no. 8019333071, in the name of and/or for the benefit of GCI Technologies, Corp., at PNC Bank (the "PNC account").

2. The Defendant Funds are subject to forfeiture pursuant to: (a) 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering transactions or attempted money laundering transactions, in violation of 18 U.S.C. § 1956, or any property traceable thereto; (b) 21 U.S.C. § 881(a)(6), as monies furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act (the "CSA"), 21 U.S.C.§§ 841 et seq.; and/or (c) 31 U.S.C. § 5317, as monies involved in violations of, or attempts to violate, federal reporting requirements under 31 U.S.C. § 5324.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper pursuant to 28 U.S.C. §§ 1355 and 1395 in that some of the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## FACTS

5. On February 29, 2008, United States Magistrate Judge Lois Bloom issued a seizure warrant for, among other accounts, Citibank account number 3200362075 in the name Gemini Sound Products (the "Gemini account"), 1 Mayfield Avenue, Edison, NJ 08837. On March 3, 2008, the seizure warrant was served on the Gemini account, and resulted in the seizure of $16,394.54 in United States Currency.

6. In issuing the seizure warrant, the Court found that there was probable cause to believe that the Gemini account, as well as all proceeds traceable thereto, were subject to seizure and forfeiture pursuant to: (a) 18 U.S.C. §§ 981(a)(1)(A) and 982(a)(1), as property involved in money laundering transactions or attempted money laundering transactions, in violation of 18 U.S.C. § 1956, or any property traceable thereto; (b) 21 U.S.C. § 881(a)(6), as monies furnished or intended to be furnished in exchange for a controlled substance in violation of the CSA, 21 U.S.C. §§ 841 et seq.; (c) 31 U.S.C. § 5317, as monies involved in violations of, or attempts to violate, federal reporting requirements under 31 U.S.C. § 5324; and/or (d) 21 U.S.C. § 853, as property constituting or derived from proceeds obtained as a result of violations of the CSA. The Court's findings were based, in part, on the following information.

7. Analysis of the Gemini account revealed twenty-one (21) counter deposits, totaling $97,158.00, made between February 23, 2007 and March 3, 2008 in New York, Florida and New Jersey. The cash deposits were primarily in amounts which ranged from $2,450 to $9,000, with most of them in amounts between $4,000 and $5,000. A total of $96,591.00 was deposited in various cash amounts. One check, in the amount of $567.00, was deposited on November 1, 2007. Deposited in this way, the deposits appear to have been "structured" or deposited in a manner intended to avoid the reporting requirements set forth in 31 U.S.C. § 5313 and 31 C.F.R. § 103.22.[1] For example, cash deposits which in the aggregate exceed $10,000, are

---

[1] Domestic financial institutions are required by law and regulation to file a Currency Transaction Report (IRS Form 4789, or "CTR") with the Internal Revenue Service for each transaction in currency, such as a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution, in excess of $10,000. 31 U.S.C. § 5313; 31 U.S.C. § 103.22. CTR's are filed with the Internal Revenue Service on forms which require, among other things, the identity of the individual who conducted the transaction and the individual or organization for whom the transactions were completed. CTR's are required to be filed to assist the government in criminal, tax and regulatory investigations and proceedings, as

broken down into individual deposits of under $10,000, or "structured," before being deposited into the businesses' accounts.

8. Shortly after each cash deposit transaction, checks were written, payable to GCI Technologies, and deposited into the PNC account. All those checks had "Sonido International" written in the "for" section of the checks, and the amounts corresponded roughly to the structured cash deposits described above in paragraph 7.

9. A special agent with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement, contacted a Citibank compliance officer in connection with the Gemini account and the structured cash deposits described above in paragraph 7. The Citibank compliance officer advised that he had conversations with Gemini's controller, Mr. Steve Wergbrit in both August and September of 2007. Mr. Wergbrit explained to the Citibank compliance officer that two cash deposits, one on February 26, 2007 for $4,500 and the other on February 23, 2007 for $9,000, were both client payments. Mr. Wergbrit further stated that the funds were transferred to GCI, a company related to Gemini South Products Corp. Mr. Wergbrit assured the compliance officer that he understood the structuring issue and its implications, said that these were not common occurrences, and stated that he would try to avoid the situation in the future.

10. Despite that warning, structuring continued in the Gemini account, as described above in paragraph 7, through March 2008. From an analysis of the Gemini account, it appears that it was used exclusively for the structured cash deposits and transfer of said funds into the PNC account. As such, these transactions are consistent with Black Market Peso Exchange ("BMPE") money laundering activity.

---

stated in Title 31, Code of Federal Regulations, Sections 103.15, 103.22 and 103.27.

4

11.     BMPE is a money laundering method used to remit narcotics proceeds to narcotics suppliers in Colombia, South America. One BMPE method involves the use of bank accounts held by United States businesses that sell legitimate products to customers in Colombia. Narcotics proceeds are deposited into these businesses' accounts in the United States, purportedly on behalf of Colombian customers who need to pay for the goods they purchase in United States dollars. The customers then pay for the narcotics proceeds deposited in United States dollars on their behalf with Colombian pesos, which are then turned over to the narcotics distributors in Colombia. This method, one of many employed as part of the BMPE, permits narcotics traffickers to layer their financial transactions and thus launder their illegal proceeds without having to incur the risk of transferring the narcotics proceeds from the United States to Colombia or the expense of converting the proceeds to Colombian pesos. At the same time, this method allows customers in Colombia to pay for products in the United States without having to convert pesos to dollars, and thereby avoid any fees or duties that might otherwise apply.

12.     To insure that the use of the narcotics proceeds to pay for the goods is anonymous, the proceeds, which are often in the form of cash or money orders, are structured or deposited into the accounts of the United States businesses in a manner intended to avoid the reporting requirements set forth in 31 U.S.C. § 5313 and 31 C.F.R. § 103.22.

13.     As stated above, structured cash deposits totaling $97,158.00 were deposited into the Gemini account, and, of that, only $16,394.54 was seized pursuant to the seizure warrant executed on March 3, 2008. The cash deposited into the PNC account is traceable to the Gemini account by way of the checks written to GCI Technologies. The difference between the $97,158.00 deposited into the Gemini account and the $16.394.54 seized

pursuant to the seizure warrant described above in paragraphs 5 and 6 is $80,763.46, the Defendant Funds which were seized from the PNC account.

14. Based on the foregoing, it appears that the PNC Account has been used to launder narcotics proceeds and facilitate the remittance of narcotics proceeds to South America and that it is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), 21 U.S.C. § 881(a)(6) and 31 U.S.C. § 5317(c).

## FIRST CLAIM FOR RELIEF

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 above as if fully set forth herein.

16. The Defendant Funds constitute property involved in money laundering transactions and/or attempted money laundering transactions or is traceable to such property.

17. As a result of the foregoing, the defendant funds are subject to condemnation and forfeiture to the United States of America in accordance with the provisions of 18 U.S.C. § 981(a)(1)(A).

## SECOND CLAIM FOR RELIEF

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

19. The Defendant Funds are moneys furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 841 et seq., or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act.

20. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States for its use, in accordance with the provisions of 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 above as if fully set forth herein.

22. The Defendant Funds constitute property involved in a violation of 31 U.S.C. § 5324.

23. As a result of the foregoing, the defendant funds are subject to condemnation and forfeiture to the United States of America in accordance with the provisions of 31 U.S.C. § 5317(c).

WHEREFORE, plaintiff, United States of America, requests that a Warrant of this Court issue for the arrest of the Defendant Funds; that due notice of these proceedings be given to all interested persons; that the Defendant Funds be forfeited and condemned to the use and benefit of the United States of America; and that plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
March 4, 2009

                                      BENTON J. CAMPBELL
                                      United States Attorney
                                      Eastern District of New York
                                      271 Cadman Plaza East
                                      Brooklyn, New York 11201

By: _____
           TANYA Y. HILL
           Assistant United States Attorney
           (718) 254-6144

## VERIFICATION

1. I am a Special Agent with the United States Department of Homeland Security, Immigration & Customs Enforcement.

2. I have read the Verified Complaint In Rem in this action.

3. The matters contained in the within Verified Complaint In Rem are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers and the official files and records of the United States Department of Homeland Security.

5. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Brooklyn, New York
March 4, 2009

_____
GRAHAM R. KLEIN
Special Agent
Immigration & Customs Enforcement
United States Department of Homeland Security

Civil Action No. CV _____

**UNITED STATES DISTRICT COURT**
Eastern District of New York

UNITED STATES OF AMERICA,

- against -

FUNDS IN THE AMOUNT OF EIGHTY THOUSAND, SEVEN HUNDRED SIXTY-THREE DOLLARS AND FORTY-SIX CENTS, ($80,763.46) MORE OR LESS, AND ALL PROCEEDS TRACEABLE THERETO, FORMERLY ON DEPOSIT IN ACCOUNT NO. 8019833071 IN THE NAME OF AND/OR FOR THE BENEFIT OF GCI TECHNOLOGIES, CORP., AT PNC BANK,

Defendant.

**VERIFIED COMPLAINT IN REM**

BENTON J. CAMPBELL
United States Attorney,
Attorney for United States of America
Office and Post Office Address,
United States Attorney's Office
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

Dated: _____

Due service of a copy of the within _____ is hereby admitted.

Dated: _____, 20 __

_____
Attorney for United States of America
AUSA, TANYA Y. HILL (718) 254-6144

---

SIR:

**PLEASE TAKE NOTICE** that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the **UNITED STATES DISTRICT COURT U.S. Courthouse, 225 Cadman Plaza East, EASTERN DISTRICT OF NEW YORK** Brooklyn, New York, on the ____ day of _____ 20___, at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York, _____, 20 __

United States Attorney,
Attorney for _____

To: _____
Attorney for _____

SIR:

**PLEASE TAKE NOTICE** that the within is a true copy of a _____ duly entered herein on the ____ day of _____, in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York _____, 20 __

United States Attorney,
Attorney for _____

To: _____
Attorney for _____

**ORIGINAL** QH
NSF

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
Funds in the Amount of Eighty Thousand, Seven Hundred Sixty-Three Dollars and Forty-Six Cents, ($80,763.46), et al.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**09  906**

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Tanya Y. Hill, U.S. Attorney's Office-EDNY
271 Cadman Plaza East, Brooklyn, NY 11201 (718) 254-6144

Attorneys (If Known)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 0 4 2009 ★
BROOKLYN OFFICE

COGAN, J.

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT:
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY:
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

PERSONAL INJURY:
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

CIVIL RIGHTS:
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PERSONAL INJURY:
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY:
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

PRISONER PETITIONS:
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY:
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☒ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR:
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

IMMIGRATION:
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

BANKRUPTCY:
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS:
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY:
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS:
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES:
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. § 981
Brief description of cause:
Forfeiture

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 3/4/09
SIGNATURE OF ATTORNEY OF RECORD
AUSA Tanya Y. Hill

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE BMC MAG. JUDGE RER

09-906

## ARBITRATION CERTIFICATION

I, Tanya Y. Hill, counsel for United States of America do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.

_____ Relief other than monetary damages is sought.

---

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

---

### Please refer to NY-E Division of Business Rule 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located in Nassau or Suffolk County: No

2.) If you answered "no" above:

   a.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No

   b.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____

   (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

---

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

Yes ✓              No _____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes _____ (If yes, please explain)       No ✓

---

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**ATTORNEY BAR CODE:** 2241503

**E-MAIL Address:** tanya.hill2@usdoj.gov

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

Signature: _/s/ Tanya Y. Hill_